IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICK KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV367 |
| | ) | |
| V. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, Michael J. Astrue, Commissioner, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |

The plaintiff, Rick Knight, claims in this Social Security appeal that the Commissioner's decision to deny him disability insurance benefits is contrary to law and not supported by substantial evidence. The Commissioner's decision will be affirmed.

**I.     Background**

Knight applied for benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, on July 8, 2004, alleging that since January 1, 1998, he has been unable to engage in any type of substantial and gainful work activity due to multiple impairments, including a mental impairment, back pain, carpal tunnel syndrome and sciatica. Knight's application was denied initially and on reconsideration, and he appealed its denial to an administrative law judge ("ALJ").

An administrative hearing was held on November 28, 2006. Knight was present at the hearing and testified. Knight was represented by his former attorney, Patrick Cavanaugh. Anita Howell, a vocational expert under contract with the Office of Disability Adjudication and Review of the Social Security Administration, also

testified at the hearing.

The ALJ issued an unfavorable decision on January 19, 2007, concluding that Knight is not "disabled" within the meaning of the Social Security Act. In her decision, the ALJ evaluated Knight's disability claim by following the five-step sequential analysis prescribed by the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520 and 416.920. The ALJ found that:

1. Knight met the special earnings requirements under Title II of the Social Security Act, as amended, on June 19, 2004, the date he stated he became unable to work, and continues to meet them through March 31, 2006, but not thereafter. (Tr. 21.)

2. Knight has not performed substantial and gainful work activity since June 19, 2004. (*Id.*)

3. Knight has the following medically determinable impairments which have imposed more than slight limitations upon his ability to function: back pain, sciatica and alcoholism. Knight's depression has resulted in no more than a minimal effect upon his ability to function and, therefore, is considered a non-severe impairment. Knight's alcoholism does not materially contribute to any disability. (*Id.*)

4. Knight's medically determinable impairments, either singly or collectively, have not revealed the same or equivalent attendant medical findings as are recited in Appendix 1 to Subpart P of the Social Security Administration's Regulations No. 4. Furthermore, while such impairments have imposed limitations upon his ability to perform basic work-related functions, Knight is able to lift and carry up to twenty pounds on an occasional basis and ten pounds frequently. He can sit and

        stand for up to six hours in an eight-hour work day with normal breaks. He cannot perform work on ladders, ropes or scaffolds. He can occasionally climb, balance, stoop, kneel, crouch and crawl. He has no limitation in the use of his hands. (Tr. 22.)

5.    Knight is able to perform his past relevant work as a hotel reservation agent, an inbound telemarketer, an auto salesperson, an office clerk and a cook. (*Id.*)

6.    Knight's testimony, insofar as it attempted to establish total disability, was not credible in view of the criteria set forth under 20 C.F.R. § 404.1529, Social Security Ruling 96-7p, and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (*Id.*)

7.    Knight is not disabled, as that term is defined under the Social Security Act, as amended, pursuant to 20 C.F.R. § 404.1520(f). (*Id.*)

8.    Knight is not entitled to a period of disability or to the payment of disability insurance benefits under Title II of the Social Security Act, as amended. (*Id.*)

## II.   Discussion

     A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 960 (8th Cir. 2001). "Substantial evidence" is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *Id.* at 960-61; *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because

substantial evidence supports a contrary outcome. *See Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001).

This court must also review the decision of the Commissioner to decide whether the proper legal standard was applied in reaching the result. *Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992). Issues of law are reviewed de novo. *Olson v. Apfel*, 170 F.3d 820, 822 (8th Cir. 1999); *Boock v. Shalala*, 48 F.3d 348, 351 n.2 (8th Cir. 1995).

The Social Security Administration uses a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920.

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006). In this case, the ALJ reached step four of the sequential analysis, concluding that, based on his RFC[1], Knight is able to perform his past relevant work as a hotel reservation agent, an

---

[1] RFC, or "residual functional capacity," is what the claimant is able to do despite limitations caused by all of the claimant's impairments. *Lowe v. Anfel*, 226 F.3d 969, 972 (8th Cir. 2000) (*citing* 20 C.F.R. § 404.1545(a)).

4

inbound telemarketer, an auto salesperson, an office clerk and a cook and that Knight's testimony, insofar as it attempted to establish total disability, was not credible. (Tr. 22.)

### A. *Knight's Credibility*

Although it is not entirely clear from his briefs, Knight appears to argue that the ALJ erred in finding his statements about the severity of his symptoms not credible. To assess a claimant's credibility, the ALJ must consider all of the evidence, including prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions. *Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole. *Id.* at 972. Where adequately explained and supported, credibility findings are for the ALJ to make. *Id.* (*citing Tang v. Apfel*, 205 F.3d 1084, 1087 (8th Cir. 2000)). In evaluating Knight's credibility, the ALJ considered numerous factors, including Knight's medical records, his noncompliance with treatment, his work history and his motivation to work. (Tr. 14-17, 19-20.) This evidence supports the ALJ's determination that Knight is not credible.

Knight's medical records support the conclusion that Knight's physical impairments are not as severe as he claims. (Tr. 14-15.) Dr. James Hoff, who performed a compensation and pension examination on Knight, determined that there were no objective findings of pain, weakness, excess fatigability, incoordination or lack of endurance. (Tr. 170.) As pointed out by the ALJ, Dr. Hoff noted that the range of motion of Knight's hands and wrists was unencumbered. (*Id.*) Dr. Hoff's examination of Knight also did not reveal any objective evidence of pain with range of motion in Knight's lumbar spine. (Tr. 173-74.) *See Forte v. Barnhardt*, 377 F.3d

5

892, 895 (8th Cir. 2004) ("[L]ack of objective medical evidence is a factor an ALJ may consider.").

Moreover, the medical records show that Knight sought little medical treatment in order to treat his allegedly disabling conditions. (Tr. 16, 19-20.) The Eighth Circuit Court of Appeals has concluded that a claimant's willingness to submit to treatment is a proper consideration in evaluating the claimant's credibility. *See Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999). According to Knight's medical records, Knight did not obtain surgery or physical therapy for his back problems or carpal tunnel syndrome. (Tr. 20.) Knight actually testified that he wanted to avoid surgery at all costs. (Tr. 400.) Further, as noted by the ALJ, Knight failed to appear for an EMG to confirm carpal tunnel syndrome and did not reschedule the appointment. (*Id.*)

Knight also refused to fully comply with medical treatment, a fact which casts further doubt upon his credibility. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility"). The medical evidence shows that Knight did not follow through with any regimen of medications and failed to continue treatment against medical advice. (Tr. 16, 193, 266, 351.)

An additional consideration in evaluating a claimant's credibility is the claimant's motivation to work. *See Pearsall v. Massamari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability") (*citing Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993)). As pointed out by the ALJ, Knight's annual earnings were rarely above the substantial gainful activity level. (Tr. 19.) Further, the monthly benefits Knight received from the Veteran's Administration ("VA") exceeded the amount that he ever made while employed and Knight realizes that if he obtains employment, his VA benefits will be reduced. (Tr. 20, 50.) *See Eichelberger v. Barnhart*, 390 F.3d 584,

6

590 (8th Cir. 2004) (noting that although the claimant had objectively determinable impairments, the claimant's motivation to work may be inhibited by the receipt of disability benefits). There is ample evidence in the record to support the ALJ's determination that Knight's work history indicates that Knight is not motivated to obtain or hold employment.

The ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective testimony about his or her limitations. *See Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003)*. "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Id.* at 714. In this case, the ALJ pointed to substantial evidence in the record supporting her decision to discount Knight's subjective allegations. As such, this court defers to the ALJ's credibility finding.

### B.   *Knight's Ability to Perform Past Relevant Work*

Knight appears to contend that the ALJ improperly assessed his RFC and incorrectly concluded that he is able to perform his past relevant work, despite his impairments. The ALJ determined that Knight had an RFC such as would permit him to perform light work, including lifting twenty pounds occasionally and ten pounds frequently, sitting for six hours and standing or walking for six hours. (Tr. 20-21.) The ALJ found that Knight could not perform work on ladders, ropes or scaffolds, and could only climb, balance, stoop, kneel, crouch and crawl occasionally. (Tr. 21.) The ALJ's RFC determination is supported by substantial evidence.

In assessing his RFC, the ALJ reviewed the medical evidence presented, including a medical opinion by Dr. Akhilesh Sharma. (Tr. 20.) *See Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004)* (finding that RFC is ultimately a medical question that must find at least some support in the medical evidence of record). Dr. Sharma opined that Knight was limited in his ability to sit, stand, walk and lift. (Tr.

358.) However, the ALJ determined that Dr. Sharma's opinion was not entitled to significant weight because it is inconsistent with Knight's compensation and pension examinations, Dr. Sharma's progress notes and the progress notes of other VA doctors. (Tr. 20.) *See Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) (stating that in order for a treatment physician's opinion to have controlling weight, it must not be inconsistent with the other substantial evidence in the case record). A review of the medical evidence in the record supports the ALJ's conclusion that Dr. Sharma's opinion was inconsistent with the other medical evidence and, accordingly, that Dr. Sharma's opinion was not entitled to controlling weight.[2]

Although not required, the ALJ also utilized the testimony of a vocational expert in evaluating Knight's ability to perform his past relevant work. (Tr. 21.) *See Gaddis v. Chater*, 76 F.3d 893, 896 (8th Cir. 1996) (stating that an ALJ is not required to utilize the testimony of a vocational expert at step four of the sequential analysis). Using this testimony, and the medical evidence of record, the ALJ correctly evaluated Knight's RFC. There is substantial evidence to support the ALJ's conclusion that Knight is not disabled as he is able to perform his past relevant work.

Knight further maintains that even if he were physically able to work, he would be unable to obtain employment. However, because Knight is able to perform his past relevant work, he is not disabled pursuant to social security regulations. This is true despite any argument that an employer would not be willing to hire him. *See Cronkhite v. Sullivan*, 935 F.2d 133, 134-35 (8th Cir. 1991) (stating that the test for social security benefits is not whether the claimant can get hired, but, rather, whether

---

[2] Notably, while the medical records taken as a whole do not fully support Dr. Sharma's conclusions, the ALJ did, for purposes of assessing Knight's RFC and evaluating Knight's ability to perform his past relevant work, accept a portion of Dr. Sharma's opinion. Specifically, the ALJ accepted Dr. Sharma's conclusion that Knight could sit for six hours a day and work a total of eight hours a day. (Tr. 20-21, 358.)

the claimant has the capacity to perform the job). Accordingly, the ALJ's determination that Knight is able to perform his past relevant work is supported by substantial evidence on the record as a whole.

On appeal, Knight places great emphasis on the fact that the VA determined that he was one-hundred percent unemployable. (Filing 28 at CM/ECF p. 6.) In rendering its decision, the ALJ considered this circumstance, but stated that each administration defines disability differently and applies different regulations and considerations. (Tr. 20, 383.) As properly noted by the ALJ, the Social Security Administration is not bound by the findings of the VA. *See Cruz v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996) (the fact that a claimant is considered disabled under state law is not binding upon the Social Security Commissioner); *Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996) (disability determination by the VA is not binding on an ALJ). Based on the evidence presented, the ALJ rightly concluded that, under social security regulations, Knight is not disabled.

### C. *Knight's Submission of Additional Evidence*

Following the ALJ's decision, Knight submitted a medical assessment from Dr. Praveen Fernandes to the Appeals Council. Although this evidence was not presented to the ALJ, where the Appeals Council considers new evidence, but denies review, the court must determine whether the ALJ's decision was supported by substantial evidence, including the new evidence. *See Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007). In the medical assessment submitted to the Appeals Council, Dr. Fernandes opined that Knight had marked limitations in his ability to maintain a schedule and complete a work week. (Tr. 360-61.) However, this opinion is inconsistent with Dr. Fernandes' prior treatment notes in which he stated that Knight had only mild or moderate symptoms. (Tr. 179, 181, 184, 220, 266, 351. 379.) Thus, despite the new assessment provided to the Appeals Council, the ALJ's decision is still supported by substantial evidence.

9

Knight also presented new medical evidence with his testimonial brief in this appeal. (Filing 19 at CM/ECF p. 4-5.) However, this medical assessment, performed by Dr. Roger Nutt on June 3, 2008, cannot be considered by the court pursuant to 42 U.S.C. § 405(g), which limits judicial review to evidence which was before the Commissioner at the time of his decision. *See* 42 U.S.C. § 405(g). It is true that additional evidence may form the basis for remand. *Id.* In order for this to occur, however, Knight must show that the new evidence is material and that there was good cause for failure to incorporate that evidence into the record before the Commissioner. *See* 42 U.S.C. § 405(g). *See also Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). New evidence is considered material when it is "non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Id.* (quoting *Wolfe v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993)).

Knight has failed to show that Dr. Nutt's medical assessment is material and that there was good cause for failing to incorporate it into the record before the Commissioner. In order to demonstrate that the new evidence is material, the evidence must pertain to the time period for which benefits are sought. *See Sullins v. Shalala*, 25 F.3d 601, 604-05 (8th Cir. 1994) (finding that a psychiatric report dated one month after the ALJ's decision was too late to be considered by the court). The basis of Dr. Nutt's opinion is on a diagnosis of chronic fatigue syndrome. However, Knight was never treated or diagnosed with chronic fatigue syndrome during the relevant time period. Also, the medical assessment completed by Dr. Nutt is dated over a year after the ALJ's decision. (Tr. 13-22.) There are no medical records indicating that Dr. Nutt ever treated Knight prior to the ALJ's decision. As such, Dr. Nutt's medical assessment of Knight does not constitute a basis for remand or reversal of the Commissioner's decision.

## III. Conclusion

For the reasons stated, and after careful consideration of each argument presented in Knight's brief, I find that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

IT IS ORDERED that judgment shall be entered by separate document providing that the decision of the Commissioner is affirmed.

April 1, 2009.

BY THE COURT:
s/*Richard G. Kopf*
United States District Judge